```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

ESMERALDA VIDANA, # 22204-509,   *
                                           *
    Petitioner,                      *
                                           * CRIMINAL NO. 20-00140-JB-B
vs.                                  * CIVIL ACTION NO. 25-00197-JB-B
                                           *
UNITED STATES OF AMERICA,    *
                                           *
    Respondent.                      *

## REPORT AND RECOMMENDATION

Petitioner Esmeralda Vidana ("Vidana"), a federal prison inmate proceeding without an attorney, filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Doc. 47). The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

On October 17, 2025, the undersigned observed that Vidana's motion was not on the form required by this Court for § 2255 motions and ordered Vidana to refile her motion on the Court's required form by November 17, 2025. (Doc. 48). The undersigned cautioned Vidana that if she did not refile her § 2255 motion on the Court's required form by the deadline, this action would be subject to dismissal without prejudice for failure to prosecute and failure to obey the Court's order. (Id.). The docket sheet

indicates that the Clerk mailed copies of the Court's order and the § 2255 motion form to Vidana at FPC Bryan, her address of record. The documents have not been returned to the Court as undeliverable, and an online search reveals that Vidana is still located at FPC Bryan. However, to date, Vidana has not refiled her § 2255 motion on the Court's form, nor has she made any other filing in this matter.

I.  **DISMISSAL**

A federal district court is authorized to dismiss an action *sua sponte* for a party's failure to prosecute or to comply with a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); see, e.g., Rogers v. United States, 2021 U.S. Dist. LEXIS 174076, at *1, 2021 WL 4189632, at *1 (S.D. Ala. Sept. 14, 2021) (dismissing § 2255 motion without prejudice for failure to prosecute after petitioner failed to comply with court orders to refile his motion using the court's form); Hawthorne v. United States, 2022 U.S. App. LEXIS 21540, at *3-4, 2022 WL 3099271, at *2 (11th Cir. Aug. 4, 2022) (per curiam) ("The district court did not abuse its discretion by dismissing without prejudice Hawthorne's § 2255 motion under Rule 41(b) for failure to prosecute and to comply with the court's order."). Additionally, this Court's Local Rules provide that "[w]henever it appears that the Plaintiff is not

diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law." S.D. Ala. CivLR 41(c).

To dismiss an action with prejudice for failure to prosecute or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). And "[o]rdinarily, a dismissal without prejudice is not an abuse of discretion." Hawthorne, 2022 U.S. App. LEXIS 21540, at *3, 2022 WL 3099271, at *1 (citing Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983)).

Here, Vidana has failed to comply with the Court's order directing her to refile her § 2255 motion on the proper form by November 17, 2025. Indeed, more than a month has passed since the deadline for Vidana to refile her motion on the Court's form, and the Court has still received no response from Vidana. Vidana has not explained her failure to comply with the Court's order, indicated that she is unable to comply, or sought additional time within which to comply. Vidana's lack of response (timely or otherwise) to the Court's order suggests that she has lost interest

3

in this matter and abandoned the prosecution of her § 2255 motion. In light of Vidana's failure to prosecute and failure to obey the Court's order, it is recommended that Vidana's § 2255 motion and its corresponding civil action be **DISMISSED without prejudice** pursuant to Rule 41(b) and/or this Court's inherent authority, as it appears no lesser sanction will suffice to induce her compliance.

## II. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. See Rules Governing § 2255 Proceedings, R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds without reaching the merits of an underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it

4

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability may issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 483-84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citation and internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not debate whether Vidana's § 2255 motion should be resolved in a different manner or conclude that Vidana should be allowed to proceed further. As a result, Vidana is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

5

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that Vidana's § 2255 motion (Doc. 47) and its corresponding civil action be **DISMISSED without prejudice** for her failure to prosecute and failure to obey the Court's order. The undersigned further submits that Vidana is not entitled to the issuance of a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

6

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **30th** day of **December, 2025.**

                                            **/S/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**